UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

  Plaintiff,

  v.                                   Case No. 22-CV-748

ELEVEN ASSORTED JEWELRY ITEMS,

  Defendant.

---

**GOVERNMENT'S RESPONSE TO "MOTION TO SUPPRESS EVIDENCE BASED ON WARRANTLESS SEARCH"**

---

The United States of America, by and through its attorneys, Gregory J. Haanstad, United States Attorney, and Bridget J. Schoenborn, Assistant United States Attorney, hereby responds to claimant Willie Etherly's Motion to Suppress Evidence Based on Warrantless Search. For the reasons set forth herein, the motion should be denied.

## I.     BACKGROUND

On October 13, 2020, law enforcement officers seized eleven asserted jewelry items, U.S. currency, a firearm, marijuana, packaging material, and other items from Willie Etherly's residence. On June 28, 2022, the government filed a civil complaint against the jewelry items, alleging that they constitute proceeds of drug trafficking, in violation of 21 U.S.C. § 841(a)(1).

Etherly has filed a motion to suppress evidence recovered from his residence. Although styled as a suppression motion, his arguments are actually focused on the sufficiency of the civil forfeiture complaint. Specifically, Etherly argues that the complaint is deficient for the following reasons: (a) it fails to allege how law enforcement knew that North Old World Third Street was connected to the claimant; (b) it fails to allege that a search warrant was obtained

prior to the Act 79 search; (c) it fails to allege that it was necessary for police to enter the residence to provide emergency aid; and (d) it fails to allege that the Act 79 search was supported by reasonable suspicion. Given that these arguments concern the adequacy of the complaint, and because he cites caselaw pertinent to motions to dismiss, including *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009), the claimant's motion to suppress is more correctly construed as a motion to dismiss.[1]

## II.     THE COMPLAINT

The complaint is verified by Drug Enforcement Administration Task Force Officer Christopher Navarette and provides, in pertinent part, that:

**Investigation into Willie Etherly's drug trafficking activities**

1.       Beginning on approximately December 3, 2018, Willie Etherly was on active probation from Milwaukee County Circuit Court, Case No. 16CF1346, after being found guilty on February 7, 2017, at a jury trial of possession of narcotics with intent to deliver. In that case, Etherly was sentenced to three years in jail and two years on probation.

2.       Willie Etherly listed his address with his probation officer as 4XXX N. 58th Street, Milwaukee Wisconsin.

3.       Based upon the investigation, Willie Etherly had the following two additional addresses:

        A.       1XXX N. Old World Third Street, Apt. XXXX, Milwaukee, Wisconsin, a known residence of Willie Etherly and the residence from which the defendant property was seized.

---

[1] Additionally, it is worth noting that it is an open question in this circuit whether a motion to suppress is the proper method for challenging a seizure's legality. *See, e.g., United States v. Marrocco*, 578 F.3d 627, 642–43 (7th Cir. 2009). In his concurring opinion in *Marrocco*, Judge Easterbrook explained, "I join the court's opinion without reservation but add a few words about an issue that, as the court notes, the litigants have overlooked. All parties assume that the exclusionary rule applies to forfeiture, so that the *res* must be returned if it was improperly seized. Yet the Supreme Court has twice held that the exclusionary rule is not used in civil proceedings. *See INS v. Lopez–Mendoza*, 468 U.S. 1032, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984) (deportation); *United States v. Janis*, 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976) (taxation). *See also Pennsylvania Board of Probation & Parole v. Scott*, 524 U.S. 357, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998) (rule inapplicable to probation revocation). Although *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965), suppressed evidence in a forfeiture, *Janis* stated that this was because that forfeiture was intended as a criminal punishment. 428 U.S. at 447 n. 17, 96 S.Ct. 3021. The forfeiture in our case is civil. It is farther from a criminal prosecution than is a probation-revocation proceeding."

B.      7XXX W. Beechwood Avenue, Milwaukee, Wisconsin ("Beechwood residence").

    i.      Based upon the investigation, the Beechwood residence was believed to be a "stash" house for Willie Etherly and other drug traffickers to store narcotics and other illegal contraband.

    ii.     The Beechwood residence had six cameras on the outside, and the front and side doors had security gates and Ring doorbells with cameras.

    iii.    Officers conducted surveillance at the Beechwood residence and saw Willie Etherly enter and exit the Beechwood residence on numerous occasions.

    iv.     On April 23, 2020, officers searched the contents of the garbage left for pickup at the Beechwood residence and found documents in the name of Willie Etherly, four empty vacuum seal bags, four large bags marked with "medical marijuana" which contained marijuana residue, eight containers for THC products, and vinyl gloves.

    v.      On June 26, 2020, officers searched the contents of the garbage left for pickup at the Beechwood residence and found documents in the name of Willie Etherly, including an American Airlines luggage tag from a flight on May 10, 2020, from Chicago to Los Angeles; a large empty bag marked with a Medical Cannabis sticker; an empty vacuum seal bag with a hole in it; an empty container for LOL Edibles Medical Cannabis candy; plastic gloves with foil and duct tape on them; and Waukesha State Bank $1,000 money bands dated June 10, 2020.

    vi.     On October 12, 2020, during surveillance at the Beechwood residence, officers saw Willie Etherly exit the residence, open the trunk of a vehicle, remove a suitcase from the trunk, and then re-enter the Beechwood residence with that suitcase. After a brief time, Etherly exited the residence with the same suitcase and placed that suitcase back into the trunk of the vehicle.

**October 13, 2020 execution of search warrant at Willie Etherly's residence, 1XXX N. Old World Third Street, Apt. XXXX, Milwaukee, Wisconsin**

4.      On October 13, 2020, officers arrived at the residence of Willie Etherly, 1XXX N. Old World Third Street, Apt. XXXX, Milwaukee, Wisconsin (the "subject residence"), due to an outstanding warrant on Etherly for violation of his probation.

3

5.      Willie Etherly was present at the subject residence and taken into custody.

6.      Following a Wisconsin Act 79 search of the subject residence, officers obtained and executed a search warrant at the subject residence.

7.      On October 13, 2020, the following items, among other things, were inside the subject residence:

A.      In the kitchen were the following:

     i.      Identifying documents in the name of Willie Etherly.

     ii.     A semi-automatic Beretta firearm with a loaded magazine and a cartridge in the chamber.

     iii.    A Glock firearm magazine loaded with nine cartridges.

     iv.     Two boxes of ammunition.

     v.      A jewelry box containing seven jewelry items, which are a portion of the defendant eleven assorted jewelry items.

     vi.     A bag containing marijuana.

     vii.    Loose marijuana on a tray.

     viii.   A bottle containing THC infused "legal lean syrup."

     ix.     Five containers of THC wax.

     x.      Five different products of THC infused edibles.

     xi.     A suitcase containing a large amount of currency.[2]

     xii.    A shoebox containing a large amount of currency.

     xiii.   A money counter.

B.      In the living room were the following:

     i.      A Springfield Armory Hellcat semi-automatic pistol with a loaded magazine and a cartridge in the chamber.

---

[2] This suitcase was similar to the suitcase that surveilling officers saw Willie Etherly remove from the trunk of a vehicle, take into the Beechwood residence, and then place back into the trunk on October 12, 2020.

4

ii.   A bag containing designer THC.

iii.  Four jewelry items on the sofa, which are a portion of the defendant eleven assorted jewelry items.

C.    In the hall/utility closet were two duffel bags containing a total of approximately 49,732 grams of THC-infused edibles.

D.    In the bedroom were the following:

i.    A wallet containing identifiers for Willie Etherly.

ii.   Two bags containing designer THC.

iii.  A bottle containing THC infused "legal lean syrup."

iv.   One roll of medical cannabis labels.

v.    One box of ammunition.

vi.   Federal Express shipping labels for Will Etherly.

vii.  A suitcase containing a large amount of currency.

8.     The total THC and marijuana weights inside the subject residence were approximately 183 grams of high-grade marijuana, approximately 155 grams of THC liquid syrup, approximately 96 grams of marijuana wax, approximately 570 grams of THC liquid infused edibles, and approximately 49,732 grams of THC infused edibles.

9.     The total currency inside the suitcases in the subject residence was approximately $466,935.00 in United States currency.

**Willie Etherly's State Drug Charges**

10.    On October 20, 2020, Willie Etherly was charged in Milwaukee County Circuit Court, Case No. 20CF3708, with the following:
  A.    Two counts of possession of THC with intent to deliver,
  B.    Two counts of felon in possession of a firearm, and
  C.    Two counts of maintaining a drug trafficking place.

11.    On June 21, 2021, Willie Etherly pleaded guilty in Milwaukee County Circuit Court, Case No. 20CF3708, to the following:
  A.    Two counts of possession of THC with intent to deliver,
  B.    One count of felon in possession of a firearm, and
  C.    One count of maintaining a drug trafficking place.

5

12.     On October 6, 2021, Willie Etherly was sentenced in Milwaukee County Circuit Court, Case No. 20CF3708, to five years in prison and three years of extended supervision.

### III.     LEGAL ANALYSIS

In pleading a civil action for forfeiture, "the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims . . ." *See* 18 U.S.C. § 983(a)(3)(A); *see also* 21 U.S.C. § 881(b). Rule G of these Supplemental Rules requires that a civil forfeiture complaint must: (a) be verified; (b) state the grounds for subject-matter jurisdiction, *in rem* jurisdiction over the defendant property, and venue; (c) describe the property with reasonable particularity; (d) if the property is tangible, state its location when any seizure occurred and--if different--its location when the action is filed; (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Supplemental Rule G(2)(a-f); *see also* Supplemental Rule E(2)(a) ("the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading").

In considering a motion to dismiss, the court must decide whether the complaint alleges facts "sufficient to support a reasonable belief that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1); *United States v. Funds in the Amt. of Forty-Five Thousand and Fifty Dollars*, No. 06 C 6948, 2007 U.S. Dist. LEXIS 58602, 2007 WL 2323307, at *3 (N.D. Ill. Aug. 9, 2007) (quoting *United States v. Mondragon*, 313 F.3d 862, 865-66 (4th Cir. 2002)). The court looks to the totality of the evidence in making this determination. *United States v. Funds in the Amt. of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.3d 448, 455 (7th Cir. 2005). Importantly, "the [g]overnment may use evidence gathered after the filing of a complaint for forfeiture to

establish, by a preponderance of the evidence, that property is subject to forfeiture[.]" 18 U.S.C. § 983(c)(2). Therefore, "[n]o complaint may be dismissed on the ground that the [g]overnment did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." *Id*. 18 U.S.C. § 983(a)(3)(D). As such, "the [g]overnment's forfeiture claim can advance forward in the face of a ... motion to dismiss even if the [g]overnment's complaint does not provide all the facts that would allow the [g]overnment to ultimately succeed in the forfeiture proceeding." *United States v. 630 Ardmore Drive*, 178 F. Supp. 2d 572, 581 (M.D.N.C. 2001); *see also United States v. $142,140.00 in U.S. Currency*, No. 1:21CV1616, 2022 WL 1120383, (N.D. Ohio Apr. 14, 2022) (complaint need not allege all facts and evidence known to government because it is sufficient "to simply plead enough facts to enable claimant to understand theory of forfeiture, to file a responsive pleading, and undertake an adequate investigation).

The civil forfeiture complaint in the above-captioned case satisfies all of the requirements of Supplemental Rule G(2)(a-f). It is verified by DEA TFO Navarette; it establishes subject matter jurisdiction under 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a), *in rem* jurisdiction under 28 U.S.C. § 1335(b), and venue under 28 U.S.C. § 1355(b)(1); the eleven jewelry items are described with particularity; the property is in the possession of the U.S. Marshals; forfeiture is brought under 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. § 841(a)(1); and it provides a reasonable believe that the government will be able to meet its burden of showing that the property is forfeitable at trial.

With respect to the last requirement, the reasonable belief standard, in the last 5 years, Etherly has been convicted of two drug felonies. In 2017, Etherly was convicted of Possession of Narcotics with Intent to Deliver and sentenced to three years' prison. Complaint at 3. Since

that time, Etherly has been connected to three residences for drug-related activity. In April and June 2020, law enforcement recovered evidence of drug trafficking and Etherly's identifiers from trash pulls. In addition to drug evidence, law enforcement located discarded $1,000 money bands.

Less than a year after the 2017 conviction, Etherly was found in possession of 183 grams of high-grade marijuana, approximately 155 grams of THC liquid syrup, approximately 96 grams of marijuana wax, approximately 570 grams of THC liquid infused edibles, and approximately 49,732 grams of THC infused edibles; shipping labels; a suitcase containing a large amount of currency; a firearm; and numerous luxury jewelry items.

It is reasonable to believe that Etherly has been consistently engaged in high-level drug trafficking between 2017 and 2020. It is also reasonable to believe that his drug-trafficking activities were extremely lucrative. During the short time that he was out of custody, Etherly was found in possession of close to a half-million dollars, thousands of doses of drugs, and an usually large amount of luxury jewelry items: two Rolex watches, three gold necklaces, three gold and diamond pendants, a gold bracelet, and a diamond ring. The drugs, jewelry, and currency were all stored together, along with a firearm, which was likely used to protect the defendant properties. *See United States v. Vaughan*, 585 F.3d 1024 (7th Cir. 2009)(explaining that guns are used to protect drugs and drug proceeds). This evidence sufficiently establishes a nexus between the defendant properties and illegal drug trafficking. *See* 21 U.S.C. § 881(a)(6).

As a final matter, the claimant argues that dismissal is appropriate because the complaint contains various facts s that "conclusory allegations in a complaint are not entitled to be assumed true." (Mot. at 4). In support of his assertion, he relies on *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). *Iqbal* and *Twombly*,

which concern Civil Rule of Procedure 8, are not applicable. Indeed, one court has explained that in civil forfeiture actions, Supplemental Rule G and Rule 8 are "inconsistent" and, therefore, Rule G controls. *See United States v. 14607 E. Girard Place, Aurora, CO*, No. 20-CV-304 (D. Colo. Sept. 20, 2021). Moreover, in the forfeiture context, it is well-established that the government can provide relevant facts at a later date. *See* 18 U.S.C. § 983(a)(3)(D). Here, the government has additional evidence establishing that, among other things, there is evidence to show that Etherly lived at the residence on north Old Word Third Street. Accordingly, this argument is not availing.

## IV.    CONCLUSION

Based on the all the foregoing, the civil forfeiture complaint Supplemental Rule G(2)(a-f). Accordingly, the claimant's motion to dismiss should be denied.

Inasmuch as it is unclear whether the claimant also seeks to pursue a suppression motion and because the government intends to supplement the complaint with the approximately $466,935.00 in U.S currency, the government respectfully requests that a status hearing be scheduled at the court's convenience.

Respectfully submitted at Milwaukee, Wisconsin, this 5th day of October, 2022.

RICHARD G. FROHLING
United States Attorney

By:    *s/ Bridget J. Schoenborn*
BRIDGET J. SCHOENBORN
Assistant United States Attorney
United States Attorney's Office
Wisconsin Bar No. 1053696
U.S. Federal Building & Courthouse
517 E. Wisconsin Avenue, Room 530
Milwaukee, WI 53202
414/297-1700; Fax 414/297-1738
Bridget.Schoenborn@usdoj.gov
