UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
AT LAW AND IN ADMIRALTY

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                    Case No. 22-CV-748

ELEVEN ASSORTED JEWELRY ITEMS,

    Defendant.

**RESPONSE OPPOSING GOVERNMENT'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

The government continues to mischaracterize the relief Mr. Etherly seeks from this Court as one to dismiss the complaint, *see* Docket Entry 23 at 2 (two references to his purported "motion to dismiss"), despite Mr. Etherly's clear request for suppression of evidence as discussed in his recently filed reply brief. *See* Docket Entry 22 at 3-5. Because he does not seek dismissal of the complaint or otherwise attack it, amendment of the complaint is not needed or proper under the circumstances of this case. First, the government asserts that "the current complaint is sufficient" under Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *See* Docket Entry 23 at 2 (hereafter "Govt. Mot. to Amend"). Because the government argues the complaint is sufficient under Rule G(2), no amendment is needed. If the government thought its complaint somehow deficient, it had 21 days to freely amend it after receiving Mr. Etherly's answer and motion to suppress on August 31st, 2022, but it did not do so within that time frame (September 21st, 2022). *See* Fed. R. Civ. P. 15(a)(1).

1

It then had another 28 days to move to amend under subsection (a)(2) before Mr. Etherly's reply brief was filed on October 19th, 2022, and yet it still did not. Only once it received Mr. Etherly's reply brief did it move to amend its complaint- more than 7 weeks after originally receiving Mr. Etherly's answer and motion to suppress. This constitutes undue delay, which is reason enough to deny the motion for leave to amend. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010); *see also Forman v. Davis*, 371 U.S. 178, 182 (1962).

Second, any amendment would be futile. *See Bausch and Forman, supra*. The government wishes to amend its complaint in response to Mr. Etherly's reply brief filed October 19th, 2022, to shore up some facts concerning the search of the apartment subject of the motion to suppress. *See* Govt. Mot. to Amend at 2. In other words, it wants to present surreply arguments, but that is generally proper only "when the movant raises new arguments in a reply brief." *Watt v. County*, 210 F.Supp.3d 1078, 1082 (E.D. Wis. 2016), *citing Meraz-Camacho v. United States*, 417 Fed.Appx. 558, 559 (7th Cir. 2011) and *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 631 n. 2 (7th Cir. 2010); *see also Jencks v. Modern Woodmen of America*, 479 F.3d 1261, 1268-69 (10th Cir. 2007). Mr. Etherly raised no new arguments in his reply brief, however. As noted above, he described how his motion to suppress was just that, a motion to suppress and not a motion to dismiss. *See* Docket Entry 22 at 3-5. He reiterated that the government did not have a warrant to search the apartment, that it was the government's burden to establish that any warrantless search was legal pursuant to an exception to the warrant requirement, and that it did not establish any such exception. *See id*. at 5-9. Comparing Mr. Etherly's

2

motion to suppress to his reply confirms he made no new arguments that would justify or allow for a surreply by the government.

The government's proposed amendment would be futile for another reason as well: because it failed to respond to Mr. Etherly's suppression motion on the merits, it waived its ability to argue the search was legal. *See id*. (citing several binding cases for the proposition that when a party fails to respond to an argument, it concedes it and results in waiver). Hence, even if there was a deficiency with the complaint (again, the government asserts there is not), amending that would not erase the concessions the government made in its response to Mr. Etherly's motion to suppress, nor cure its waiver of responding to Mr. Etherly's suppression arguments on their merits.

**Conclusion**

Fed. R. Civ. P. 15(a)(2) does "not mandate that leave [to amend] be granted in every case." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (internal citation omitted). After receiving Mr. Etherly's answer and motion to suppress, the government had plenty of time to amend its complaint if it thought that was needed. But more relevantly and imperatively, it also had plenty of time to respond on the merits to Mr. Etherly's suppression arguments. It did neither and instead chose to respond to a non-existent motion to dismiss. Given the circumstances presented here, the government's motion for leave to amend should be denied and Mr. Etherly's motion to suppress decided as it is fully briefed.

Respectfully submitted at Milwaukee, Wisconsin this 26th day of October, 2022.

/s/ Electronically signed by Christopher Donovan
CHRISTOPHER DONOVAN
State Bar No. 1055112
Counsel for Claimant
Pruhs & Donovan, S.C.
757 N. Broadway, 4th Floor
Milwaukee, WI 53202
Tel: 414-221-1950
Fax: 414-221-1959